IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  No  C-01-454 VRW

    Plaintiff,  ORDER

    v

SHAWN GEMENTERA,

    Defendant.
_____/

    On February 25, 2003, defendant Shawn Gementera was sentenced by this court to serve two months in custody followed by one hundred hours of community service by standing in front of a post office with a board stating, "I stole mail. This is my punishment." Doc #82 at 4-5, 10-13. This two-month prison sentence was the lowest allowable under the sentencing guidelines, which were mandatory at that time. Shortly thereafter, defendant's sentence was amended to require only eight hours of standing at the post office, with other types of community service to substitute for the remaining 92 hours. Doc #94 at 24-26. The Ninth Circuit upheld this sentence on appeal, recognizing that district courts may exercise considerable discretion in imposing conditions of

supervised release.  <u>United States v Gementera</u>, 379 F3d 596, 600-01 (9th Cir 2004), cert denied, 126 SCt 735 (2005).

On February 7, 2006, defendant moved the court to modify a term of his supervised release by eliminating his sign-board condition.  Def Mot (Doc #113).  For the reasons stated below, the court DENIES defendant's motion.

Defendant's motion is based on a February 3, 2006, psychological evaluation by Dr Douglas R Korpi ("Dr Korpi") to determine "what, if any, psychological harm will be done to his client" by the sign-board condition.  Doc #116 at 7.  Dr Korpi noted that "[a]t the present time, Mr Gementera is at a low," and that defendant is "a man rather easily prone to depression [and] self-pity * * * [and he] easily comes to wallow in an inner-directed anger and self-degradation."  Id at 12.  Dr Korpi noted that defendant's life is riddled with stressors unrelated to the sign-board condition and that defendant "has always walked around rather too self-conscious, tensed and ready to deal with any slight, on guard against ridicule, and ready to take offense."  Id.  Dr Korpi also found that the defendant is "adequately socialized" and "does not suffer * * * any sort of asocial or schizoid condition."  Id.  Most importantly, Dr Korpi concluded, "I can hardly find cause to believe that wearing a sandwich board for one day in front of the Post Office is going to cause irreversible psychic maiming."  Id at 13.

Defendant's probation officer agrees that the psychological evaluation does not indicate that enforcing the sandwich board condition would harm defendant.  Id at 2-3.  The probation officer's opinion is especially persuasive, given that

defendant has a self-proclaimed "good relationship" with her and "has confided in her both [about] his continuing struggle with substance abuse and his anxieties about fulfilling the special condition imposed by the [c]ourt."  Def Mot at 3.

Eliminating the sign-board condition would also contradict defendant's stated preference at his sentencing hearing. At that hearing, the undersigned explained to defendant that instead of serving the full eight months in custody permitted by the sentencing guidelines, defendant could serve only two months in custody if he also performed 100 hours of the sign-board condition. Doc #82 at 10-11.  In response, defendant stated, "If that is the case, I would stand in front of a post office with a board as my penalty for the crime that I did commit."  Id at 10.

Additionally, the sign-board condition will better facilitate defendant's reintegration into society.  Because the condition is limited to only eight hours at a single postal facility, the condition will disrupt defendant's life less than an additional six-month prison sentence, which the court could have imposed.  In fact, the court chose the sign-board condition for defendant because imprisonment has been ineffective either as a deterrent or as a means of rehabilitation.  And requiring defendant to perform the sign-board condition would deter other would-be thieves from committing mail theft.  Finally, materially altering defendant's sentence at this late stage would negate any deterrence value that has been realized through the sentencing itself.

//
//
//

3

In sum, the court finds that defendant has not provided sufficient evidence "that this condition would likely impose upon defendant psychological harm or effect or result in unwarranted risk of harm to defendant * * *."  Gementera, 379 F3d at 605 n11. Accordingly, the court DENIES defendant's motion to modify a term of his supervised release.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge